IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| OLIVER M. WHIPPLE III, and KELLY WARE, | CV 13-188-M-DWM-JCL |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION |
| MANN MORTGAGE, LLC; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE REMIC TRUST 2011-019; UNKNOWN SPONSOR; UNKNOWN DEPOSITOR; BANK OF AMERICAN, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, aka "MERS"; and DOES 1 THROUGH 100, | |
| Defendants. | |

Plaintiff Oliver M. Whipple III, appearing pro se, commenced this action alleging the Defendants violated both federal and state law in relation to the origination and execution of a real estate loan transaction and a deed of trust pertaining to his residence at 601 4th Ave. E., Polson, Montana (the Residence).[1]

_____

[1]The caption of Whipple's Complaint identifies Kelly Ware as an additional Plaintiff. But the body of the Complaint advances allegations solely on behalf of Whipple. The allegations of the Complaint do not reference Kelly Ware, and do not advance any claims expressly on Kelly Ware's behalf. Also, the Complaint is not signed by Kelly. Therefore, the Court will construe this action as brought solely by Whipple advancing legal claims only on his behalf.

1

Whipple also challenges Defendants' conduct, after the closing on the loan, in converting the loan transaction into an investment vehicle. Further, he contests Defendants' authority to pursue foreclosure remedies with respect to the Residence, and he asserts he is entitled to a quiet title judgment granting him clear title to, and exclusive possession of, the Residence.

Presently before the Court are the following two motions filed by the various Defendants: (1) Defendants Bank of America, N.A., Government National Mortgage Association as Trustee for Securitized Trust Ginnie Mae REMIC Trust 2011-019 (Ginnie Mae Trust), and Mortgage Electronic Registration Systems, Inc.'s (MERS) Fed. R. Civ. P. 12(b)(6) motion to dismiss, and (2) Defendant Mann Mortgage, LLC's Fed. R. Civ. P. 12(b)(6) motion to dismiss. For the reasons discussed, the Court recommends the motions be granted.

## I.  Background

On February 28, 2011, Whipple obtained a mortgage loan in the amount of $198,247.00 as evidenced by a promissory note (the Note) executed by Whipple. The Note was secured by a Deed of Trust to Whipple's Residence granted in favor of Mann Mortgage. The Deed of Trust identifies Mann Mortgage as the original lender, names Lake County Abstract and Title Company as the trustee, and states that MERS is a beneficiary under the Deed of Trust. But the Deed of Trust clarifies that MERS "is acting solely as a nominee for the Lender, and Lender's

successors and assigns." (Doc. 9-1 at 1.) The Deed of Trust was executed under the Small Tract Financing Act of Montana, Mont. Code Ann. § 71-1-301 et seq.

Whipple's Complaint, in part, challenges the events, conduct, and representations that occurred surrounding the origination, execution, and finalization of his loan transaction. He contends the final terms of his transaction are improper in various ways resulting in a fraudulent and unenforceable loan. Whipple contends Mann Mortgage failed to properly assess his financial ability to service the terms of the Note he signed. He asserts Mann Mortgage improperly found him qualified for the loan product he received.

Whipple also alleges the loan was improperly sold, "securitized", and placed in a real estate mortgage investment conduit trust, and ultimately transferred to the Ginnie Mae Trust to be sold to investors as a secured investment.[2] He contends that because the transfers were not in compliance with either the provisions of the trust or the pooling and servicing agreement governing the securitization of his loan transaction, they are void. Specifically, he asserts that because the ownership interests in both the Note and Deed of Trust were not

---

[2]Securitization generally describes the process of pooling loans and selling shares in the pools to investors on the open market. *See Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011) (citation omitted); *see also* Christopher L. Peterson, *Predatory Structured Finance*, 28 Cardozo L. Rev. 2185, 2186 n.1 (2007).

transferred together, thus separating or splitting ownership of the interests in those two documents, no Defendant possesses perfected and enforceable interests in either the Note or the Deed of Trust.

Whipple advances nine separate causes of action against the Defendants under federal and state law:

1.  <u>Lack of Standing/Wrongful Foreclosure, (Count I)</u>:  Whipple alleges that none of the Defendants have an enforceable right or interest in his Residence and, thus, they lack standing to foreclose on the Residence.  Whipple also alleges MERS does not have any interest in the Note, and does not have authority to serve in any capacity relative to the Deed of Trust and possible foreclosure proceedings;

2.  <u>Fraud in the Concealment, (Count II)</u>:  Whipple alleges Defendants fraudulently concealed from him the subsequent sale and securitization of his loan transaction;

3.  <u>Fraud in the Inducement, (Count III)</u>:  Whipple alleges Defendants fraudulently represented to him that they are a "holder and owner" of the Note, and that they have authority to exercise the power of sale for the Residence granted in the Deed of Trust;

4.  <u>Intentional Infliction of Emotional Distress, (Count IV)</u>:  Whipple alleges Defendants inflicted emotional distress upon him by wrongfully asserting a right to exercise the power of sale granted in the Deed of Trust;

5.  <u>Slander of Title, (Count V)</u>:  Whipple alleges Defendants are liable for slander of title to his Residence based on default and foreclosure documents filed relative to the Residence;

6.  <u>Quiet Title, (Count VI)</u>:  Whipple asserts he is entitled to a quiet title judgment granting him clear title to the Residence, and granting him the exclusive possession of, and quiet enjoyment of, the Residence on

4

the ground that Defendants have no right or interest in his Residence;

7. <u>Declaratory Relief, (Count VII)</u>:  Whipple requests a judicial determination of the rights and obligations of the respective parties relative to ownership rights and interests, or lack thereof, in the Residence.  He also requests a judicial determination as to the validity of the various documents involved in the loan transaction, his alleged default, and the foreclosure;

8. <u>Violations of the Home Ownership Equity Preservation Act, 15 U.S.C. § 1639 ("HOEPA"), and the Truth In Lending Act, 15 U.S.C. § 1601 through § 1667f ("TILA"), (Count VIII)</u>:  Whipple contends Defendants failed to provide him with the various material disclosures required under the HOEPA and TILA relative to his loan transaction;

9. <u>Rescission, (Count IX)</u>:  Whipple requests rescission of the entire loan transaction relative to his Residence based on all of the violations and liabilities alleged in his Complaint.

Whipple seeks to recover compensatory and punitive damage, as well as his costs and attorneys' fees.  Additionally, he seeks rescission of the loan transaction documents, and a judgment granting him clear title to the Residence.

Defendants Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage move to dismiss Whipple's Complaint.  They argue that Whipple's claims should be dismissed because the allegations fail to set forth sufficient facts to state any legal claim on which relief could be granted.

## II.  Applicable Law

### A.  Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a

claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to Green. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

### B. Application of Montana Law

In view of Whipple's claims under federal law, jurisdiction over his other claims advanced under Montana law is founded upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). "The task of a

federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980).

When an issue of state law arises and "the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (citations omitted). In doing so, the court must "look to existing state law without predicting potential changes in that law." *Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (citation omitted). The court should also rely on other persuasive authorities including treatises and decisions from other jurisdictions, as guidance. *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996).

## C.    Pro Se Pleadings

Because Whipple is proceeding pro se, the Court must construe his pleadings liberally, and his allegations, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In general,

a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. Discussion

### A. Judicial Notice

Defendants Bank of America, Ginnie Mae Trust, and MERS assert the Court may take judicial notice of two documents in its review of the pending motions to dismiss. They submitted a copy of the Deed of Trust that Whipple signed, and a copy of an Assignment of Deed of Trust executed by MERS on January 30, 2012, assigning MERS's beneficial interest under the Deed of Trust to Bank of America.

In resolving a Rule 12(b)(6) motion, a court may consider the complaint and only a very few other categories of materials. *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010). A court may consider evidence on which the complaint "'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such document as 'part of the complaint, and thus may assume that its contents are

8

true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. (citations omitted).

Whipple's pleading refers to, inter alia, the Deed of Trust which is central to his claims. Although Whipple contends that an original document should be submitted to the Court, a duplicate of a document is admissible to the same extent as an original unless a genuine question is raised as to the authenticity of the document. Fed. R. Evid. 1003. Whipple does not raise any genuine issue as to the authenticity of the copy of the Deed of Trust that Defendants submitted with the Rule 12(b)(6) motion. Therefore, the Court will take judicial notice of the Deed of Trust.

### B.     Motions to Dismiss

Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage all move to dismiss Whipple's Complaint on the ground that Whipple's allegations do not sufficiently state any claim for relief under the nine causes of action identified in his pleading. For the reasons discussed, the Court agrees.

As a preliminary matter, the Court notes that Whipple filed a limited brief in response to the two motions to dismiss. The arguments he presents do not respond to any of the specific legal arguments for dismissal advanced by any of the

Defendants under Fed. R. Civ. P. 12(b)(6).[3]

###     1.     Whipple's Legal Claims Predicated Upon "Securitization"

Whipple alleges the Note secured by the Deed of Trust was converted into a mortgage-backed security interest and sold to other investors. But he contends there is no properly recorded documentation of the transfers of legal title as was necessary for the securitization process to be valid. The absence of a proper chain of title, so Whipple's argument goes, prevents Defendants from possessing any legally enforceable interest with respect to the Residence. Ultimately, Whipple contends the securitization and the separation of the Note from the Deed of Trust has rendered those two documents unenforceable, thereby divesting Defendants of any interest in the Note, the Deed of Trust, and in the right to foreclose on the Residence.

Bank of America, Ginnie Mae Trust, MERS and Mann Mortgage move to dismiss several of Whipple's claims to the extent they are predicated upon

---

[3]Whipple presents limited arguments in his brief which are not responsive to the grounds for dismissal asserted by Defendants. Whipple asserts and relies only upon: (1) the liberal standards applicable to pro se litigants, (2) the legal standards for dismissal under Rules 12(b)(1) and 12(b)(6), (3) his contention that Defendants' motions to dismiss violate his due process rights, and (4) his argument that he expects to develop and establish, through discovery, the facts necessary to prove his legal claims, and to prove the Defendants do not have authority or standing to foreclose on his Residence. These arguments, however, do not respond to the legal merits of the Defendants' Rule 12(b)(6) motions.

Whipple's theories regarding the securitization of his loan transaction.

Specifically, they note that Whipple's claims for wrongful foreclosure, fraud,

slander of title, quiet title, declaratory relief and rescission all stem from the

alleged improper securitization. Defendants argue the securitization process does

not provide any ground for relief, and they request that the referenced legal claims

be dismissed to the extent they are based on Whipple's securitization theories.

The Court agrees.

Courts have consistently rejected mortgagors' theories asserting that the sale

and securitization of a loan invalidates the power of sale authorized in a deed of

trust. *Washburn v. Bank of America, N.A.*, 2011 WL 7053617, *5 (D. Idaho 2011)

(citing cases); *see also In re Mortgage Electronic Registration Systems (MERS)*

*Litigation*, 2012 WL 1912133, *2-3 (D. Ariz. 2012). The theory that the

securitization of a promissory note renders a deed of trust unenforceable "is

frivolous, [and] has no support in the law[.]" *Marty v. Wells Fargo Bank*, 2011

WL 1103405, *7 (E.D. Cal. 2011) (citing cases). Because the securitization of the

Note did not affect the enforceability of the Deed of Trust or the power of sale and

foreclosure authorized in the Deed of Trust, *see Heffner v. Bank of America*, 2012

WL 1636815, *3 (D. Mont. 2012), to the extent Whipple's claims for relief are

predicated upon his securitization theory those claims fail. Bank of America,

Ginnie Mae Trust, MERS and Mann Mortgage's motions should be granted in this

11

respect.

## 2.    Lack of Standing/Wrongful Foreclosure - Count I

In Count I Whipple alleges the Defendants do not have an enforceable right or interest in his Residence, and thus lack standing to foreclose on the Residence. Whipple's claim is, in part, predicated upon his securitization theory which is addressed and resolved above.

### a.    MERS' Interest and Authority to Act with Respect to the Deed of Trust

Whipple also asserts in Count I that MERS lacks any interest or right under the Deed of Trust to take any action with respect to the foreclosure on Whipple's Residence.  MERS, in contrast, argues it was legally and properly identified in the Deed of Trust as an agent to act on behalf of the beneficiary.  Consequently, it moves to dismiss Whipple's claim asserting that it lacks standing.  The Court agrees with MERS's position.

For clarification, the Court first notes that MERS[4] does not hold the

---

[4]MERS is an electronic database operated by MERSCORP, Inc. and created to track transfers of "beneficial interests" in home loans, and to track changes in loan servicers.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011).  The MERS system was created to avoid the cumbersome process of recording multiple transfers of the deed of trust with the county by designating MERS as the nominal record holder of the deed of trust on behalf of the original lender and any subsequent lender, thereby requiring the deed of trust to only be recorded once.  *Id*. at 1039.

beneficial interest in the Deed of Trust, and it is not the "beneficiary" within the

contemplation of Montana's Small Tract Financing Act ("STFA").  MERS cannot

be a beneficiary under the Deed of Trust.  *See Pilgeram v. Greenpoint*, 313 P.3d

839, 842-843 (Mont. 2013; *Heffner*, 2012 WL 1636815 at *4 (citing *Joseph v.

Bank of America Corp., et al.*, Cause Number CV 11-129-BLG-RFC-CSO (D.

Mont. Findings and Recommendations dated April 23, 2012 at 26-28)).

Nonetheless, to the extent any of Whipple's allegations suggest MERS lacks

authority with respect to rights and interests under the Deed of Trust and

foreclosure proceedings, Whipple is incorrect.  Montana law, as applied under the

provisions of the STFA, permits principals – e.g. beneficiaries and trustees – to

delegate tasks to agents.  *See Heffner*, 2012 WL 1636815 at *4-5 (citing *Diehl v.

Northwest Trustee Services, Inc. et al.*, 2010 WL 2178513, *1-2 (D. Mont. 2010),

affirmed 2011 WL 834140, **1 (9th Cir. 2011) and *Knucklehead Land Co., Inc. v.

Accutitle, Inc.*, 172 P.3d 116, 120-121 (Mont. 2007)).  Specifically, a lender is

permitted to appoint MERS as its nominee in a STFA deed of trust and as its agent

"cloaked with authority to act on the lender's behalf under the Deed of Trust."

*Heffner*, 2012 WL 1636815 at *4-5 (quoting *Joseph v. Bank of America Corp., et

al.*, Cause Number CV 11-129-BLG-RFC-CSO (D. Mont. Findings and

Recommendations dated April 23, 2012 at 33-34)).

In this case, the Deed of Trust identifies MERS as "a separate corporation

that is acting solely as a nominee for Lender and Lender's successors and assigns."

(Doc. 9-1 at 1.)  The Deed of Trust delegates authority to MERS as follows:

"MERS (as nominee for Lender and Lender's successors and assigns) has the

right:  to exercise any or all of those interests, including, but not limited to, the

right to foreclose and sell the Property; and to take any action required of Lender

including, but not limited to, releasing and cancelling this [Deed of Trust]."  (Doc.

9-1 at 2.)  Thus, MERS has authority under Montana law to foreclose on

Whipple's Residence, and its motion directed at Count I of Whipple's Complaint

should be granted.

### b.    <u>Ginnie Mae Trust</u>

Whipple's allegations against Ginnie Mae Trust in Count I fail to state any

claim upon which relief could be granted.  Rule 8(a) of the Fed. R. Civ. P. requires

that a plaintiff's allegations must set forth "a short and plain statement of the claim

showing that the pleader is entitled to relief[.]"  Whipple's allegations simply

assert that "Defendants" have no standing or authority to conduct the foreclosure

process.  But those allegations, in and of themselves, do not affirmatively "show"

that the lack of standing or authority subjects any Defendant to liability that would

entitle Whipple to seek some form of legal relief.  Allegations that merely assert

that a defendant lacks authority to act do not implicate any legal cause of action

that would subject a defendant to liability.  A dismissal for failure to state a claim

under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). As a matter of law, Whipple's allegations in Count I do not invoke a cognizable legal theory. Consequently, to the extent Count I is advanced against Ginnie Mae Trust, it should be dismissed.

### c.   Mann Mortgage

Mann Mortgage moves to dismiss Whipple's claim asserting it has no right or interest with respect to the Note, the Deed of Trust, and the associated right to foreclose on the Residence. But Whipple's allegations establish that he obtained the $198,247 loan from Mann Mortgage, and that he signed the Deed of Trust in favor of Mann Mortgage. (Doc. 1 at ¶ 32.) Furthermore, the substance of Whipple's remaining allegations assert that the subsequent transfers of interests under the Note or the Deed of Trust are invalid. Therefore, accepting Whipple's allegations as true, his Complaint sufficiently alleges Mann Mortgage has standing under the Note and the Deed of Trust to foreclose on the Residence. Therefore, Mann Mortgage's motion should be granted with respect to Count I.

### 3.   Fraud - Counts II and III

Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage move to dismiss Whipple's claims of fraud on the basis that his allegations fail to set forth

the necessary detailed facts as required under Fed. R. Civ. P. 9(b).  The Court agrees.

In Count II of his Complaint, Whipple alleges that at the time he entered the loan transaction Defendants fraudulently concealed from him the reality that his loan would be securitized and sold to other investors.  Therefore he alleges Defendants are liable for what he characterizes as fraud in the concealment.

In Count III, Whipple alleges Defendants fraudulently misrepresented to him that they owned his debt obligation, and that they had the authority to foreclose and sell his Residence pursuant to the Deed of Trust.

Federal Rule of Civil Procedure 9(b) requires that claims of fraud "must state with particularity the circumstances constituting fraud[.]"  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).  "Rule 9(b)'s particularity requirement applies to state-law causes of action."  *Salameh*, 726 F.3d at 1133 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)). Any claim that "sound[s] in fraud" must also comply with the particularity requirements of Rule 9(b).  *Goldberg v. BAC Home Loans Servicing, LP*, 2013 WL 4501014, *4 (S.D. Cal. 2013) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).  To satisfy the particularity standard a pleading must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and

why it is false.'" *Salameh*, 726 F.3d at 1133 (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

Whipple's claims of fraud as asserted in Counts II and III do not include the necessary detailed factual allegations of the specific fraudulent or misleading conduct allegedly committed by any Defendant which could give rise to liability. Furthermore, since Whipple did not substantively respond to the pending motions to dismiss, he has not defended and explained his allegations of fraud. Consequently, the Court concludes Whipple's claims fail to satisfy Rule 9(b)'s particularity requirement, and Counts II and III should be dismissed as to Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage.

### 4.      Intentional Infliction of Emotional Distress - Count IV

Whipple alleges Defendants are liable for intentionally inflicting emotional distress upon him by threatening him with a foreclosure on his Residence when they had no legal right to do so. Defendants move to dismiss this claim.

Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage argue that Whipple's allegations do not sufficiently and plausibly state a cognizable claim for the infliction of emotional distress. For the reasons discussed, the Court agrees.

Montana law recognizes independent causes of action for negligent or intentional infliction of emotional distress. The claims "will arise under circumstances where serious or severe emotional distress to the plaintiff was the

17

reasonably foreseeable consequence of the defendant's negligent or intentional act or omission." *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 429 (Mont. 1995). A plaintiff must ultimately establish that the emotional distress was "so severe that no reasonable person could be expected to endure it." *Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 222 (Mont. 2008) (quoting *Sacco*, 896 P.2d at 425-426, 428-29). *See also Renville v. Fredrickson*, 101 P.3d 773, 775-76 (Mont. 2004) (discussing standard for severity and seriousness).

To survive a Rule 12(b)(6) motion to dismiss, allegations in a pleading must contain sufficient facts beyond mere conclusory statements. The standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For purposes of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. The factual allegations must "show[] that the pleader is entitled to relief[.]" *Id*., 556 U.S. at 679 (quoting Rule 8(a)(2)).

Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage argue that Whipple's allegations are not pled with sufficient factual details to support the inference that it is plausible that their conduct could have caused Whipple to suffer severe emotional distress. Although Whipple asserts Defendants do not possess any rights or interests under the Deed of Trust and the Note, his allegations do nothing more than describe conduct in which Defendants allegedly engaged that is consistent with the rights and interests that exist under the Deed of Trust and Note. Thus, even accepting Whipple's allegations as true – that Defendants did not possess rights provided under the Note and Deed of Trust – Whipple's conclusory allegations do not sufficiently describe facts which make it plausible to believe that any emotional distress he may have experienced would have been the reasonably foreseeable consequence of Bank of America, Ginnie Mae Trust, MERS and Mann Mortgage's conduct in exercising rights they improperly believed they had under the Deed of Trust, the Note, or Montana law. Whipple's allegations do not plausibly suggest those Defendants engaged in any intentional, wrongful conduct that reasonably would have caused Whipple to suffer severe emotional distress.

And Whipple did not respond to Defendants' motions to dismiss arguing

otherwise.  Defendants' motions to dismiss should, therefore, be granted.

### 5.    Slander of Title - Count V

Whipple alleges Defendants are liable for slander of his title to his

Residence due to their conduct in publishing and filing documents relative to his

default on the Note, and the impending foreclosure proceedings.  Whipple refers to

an unidentified notice of default, the Notice of Trustee's Sale, the Trustee's Deed,

and other foreclosure documents, all of which allegedly slandered his title.

Whipple contends Defendants did not possess any right or interest to enforce

through the foreclosure process and, therefore, the referenced documents can be

interpreted as "denying, disparaging, and casting doubt" upon Whipple's title to

the Residence.  (Doc. 1 at ¶ 108.)

Under Montana law, an action for slander of title arises "where one

'maliciously publishes false matter which brings in question or disparages the title

to property, thereby causing special damage to the owner.'"  *Pryor v. Babcock

Building Corp.*, 45 P.3d 35, 37 (Mont. 2002) (citations omitted).

Whipple's allegations in his cause of action against Bank of America,

Ginnie Mae Trust, MERS and Mann Mortgage for slander of title are insufficient

under the Rule 12(b)(6) standards.  Whipple alleges, in conclusory fashion, that

Defendants acted with "malicious intent" (doc. 1 at ¶ 112) in filing various default

and foreclosure documents that he suggests were false.  But Whipple's allegations

20

do not support a reasonable inference that it is plausible that Defendants acted

maliciously with respect to the referenced documents filed and recorded with

respect to Whipple's Residence, or that any specific matter in those documents is

actually false. Whipple does not expressly allege the documents contained "false

matters", and instead alleges only that the documents were "improper" because he

believes Defendants did not possess any right, title, or interest with respect to his

Residence. But, other than Whipple's defective legal theories addressed in this

recommendation, his allegations do not present any information suggesting it is

factually plausible that Defendants lacked any right, title or interest. Absent the

requisite factual specificity in his allegations, Whipple's claim for slander of title

is nothing more than "a formulaic recitation of the elements of a cause of action"

for slander of title, and is not sufficient to survive a motion to dismiss. *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And again, Whipple did not

respond to the Defendants' motions arguing otherwise. Bank of America, Ginnie

Mae Trust, MERS and Mann Mortgage's motions should be granted as to

Whipple's slander of title claim in Count V.

### 6.      Quiet Title - Count VI

Whipple asserts a legal claim to obtain a quiet title judgment granting him

clear legal title to, and quiet enjoyment of, his Residence. Bank of America,

Ginnie Mae Trust, MERS, and Mann Mortgage move to dismiss this claim on the

basis that Whipple's allegations do not satisfy the required elements of a quiet title action.  The Court agrees.

Under Montana law, a quiet title action is authorized for the purpose of determining a person's rights in claiming title to real property as against others' claims to that property.  *See* Mont. Code Ann. § 70-28-101.  To obtain a decree to quiet title to property involving a mortgage interest, a mortgagor must establish: (1) that the debt has been satisfied, (2) that he has offered to pay the debt; or (3) the debt is unenforceable as a matter of law.  *See Montana Valley Land Co. v. Bestul*, 253 P.2d 325, 328 (Mont. 1953).

Whipple does not plead the factual allegations required to state a viable quiet title claim.  He does not contend that his debt obligation has been satisfied, or that he has offered to pay the debt.  Further, for the reasons discussed in this recommendation, the various legal theories on which he relies in his Complaint to suggest that his debt obligation in the Note is unenforceable lack legal merit. Thus, he does not present a viable quiet title claim, and the claim should be dismissed.

### 7.   Declaratory Relief - Count VII

Whipple requests declaratory relief establishing Defendants do not have authority to foreclose on his Residence.  He requests a legal determination as to the validity of the Deed of Trust, the Note, and an unidentified notice of default.

22

Also, he asserts he is entitled to a declaration establishing Defendants have no right, title or interest in the Residence, and that he is entitled to the exclusive possession of the Residence, clear title to the Residence, and the quiet enjoyment of the property.

A claim for a declaratory judgment under federal law is subject to dismissal under Rule 12(b)(6) if the allegations fail to state a federal claim upon which relief could be granted. *Crowley v. Nevada*, 678 F.3d 730, 736 (9th Cir. 1012). As discussed herein, Whipple's claims in his Complaint advanced under federal law should be dismissed for failure to state a claim upon which relief could be granted. Therefore, to the extent Whipple seeks a declaratory judgment based on his federal claims, his claim for declaratory relief similarly fails.

Also, to the extent Whipple seeks declaratory relief with respect to the claims he advances under Montana law, a claim for declaratory relief under Montana law is also governed by the standards under Rule 12(b)(6) which subject a claim to dismissal if it fails to factually allege a legally viable claim for which relief could be granted. *Cf. Fellows v. Office of Water Commissioner*, 285 P.3d 448, 453-54 (Mont. 2012) (recognizing that a dismissal of declaratory judgment claim could be proper if the plaintiff is not entitled to relief under any set of facts that could be proven, but reversing dismissal of a declaratory judgment claim on the basis that sufficient facts were alleged to state a claim for relief and to invoke

the court's power to issue declaratory relief). *See also Good Schools Missoula, Inc. v. Missoula County Public School Dist. No. 1*, 188 P.3d 1013, 1018-19 (Mont. 2008) (affirming dismissal of claims for declaratory judgment based on Rule 12(b)(6) and the plaintiff's failure to state a claim for which relief could be granted).

Whipple's claims for declaratory relief in this case are predicated upon all of his other legal claims for relief challenging Defendants' rights, title, and interests in the various documents at issue in this case, and challenging Defendants' authority to pursue foreclosure on Whipple's Residence. For the reasons discussed herein, however, the Court recommends dismissal of all of Whipple's other legal claims for relief. Therefore, the Court finds Whipple's claims for declaratory judgment similarly fail to state any claim upon which declaratory relief could be granted. Again, Whipple did not respond to Defendants' motions arguing otherwise. Consequently, Defendants' motions should be granted in this respect.

### 8. Truth In Lending Act and Home Ownership Equity Preservation Act - Count VIII

Whipple alleges Defendants failed to provide accurate material disclosures to properly inform him relative to the loan transaction he entered in 2011 with respect to the Residence. He alleges Defendants are liable under the Truth In

Lending Act, 15 U.S.C. § 1601 through § 1667f ("TILA"), and the Home Ownership Equity Preservation Act, 15 U.S.C. § 1639 ("HOEPA") contained within TILA. Whipple alleges Defendants' conduct in violation of TILA and HOEPA caused damages to him for which he is entitled to compensation.

Bank of America, Ginnie Mae Trust, MERS and Mann Mortgage move to dismiss Whipple's TILA and HOEPA claims on multiple grounds, including their assertion that the claims are time-barred due to the applicable statutes of limitations. Defendants are correct.

TILA at 15 U.S.C. § 1640 provides a consumer with a cause of action for damages caused by a lender's violation of TILA and the HOEPA. *McOmie-Gray v. Bank of America Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012). The action, however, must be commenced "within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e). *See King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986).

Whipple's claims under TILA and HOEPA arise from Defendants' alleged failure to provide him with certain required disclosures prior to his loan transaction which occurred in February 2011. Whipple commenced this action on September 12, 2013. Thus, Whipple's TILA and HOEPA claims are clearly barred by the one-year period of limitations in section 1640(e). Whipple did not respond to Defendants' motions arguing otherwise. Consequently, Whipple's

claims in Count VIII should be dismissed.

### 9. **Rescission - Count IX**

Whipple alleges he is entitled to the rescission of his loan transaction as a remedy that is available to him based on the merits of all of his legal claims for relief advanced in his Complaint. But for the reasons discussed herein, all of Whipple's legal claims are subject to dismissal. Therefore, his claim for the remedy of rescission predicated on what the Court has found are legally deficient claims for relief should also be dismissed.

Whipple additionally asserts he is entitled to rescission of the loan agreement based on the right to rescission provided in TILA. TILA affords consumers a right to rescind a secured loan transaction if a lender fails to comply with disclosure requirements under TILA and its regulations. 15 U.S.C. § 1635(a); *McOmie-Gray v. Bank of America Home Loans*, 667 F.3d 1325, 1327 (9th Cir. 2012). The right to rescind, however, may properly be conditioned upon proof of the mortgagor's ability to return proceeds of the loan to the mortgagee. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003).

Here, Defendants assert Whipple is not entitled to rescission under TILA because he does not allege that he has repaid, or can repay, the proceeds of the loan to the lender or beneficiary under the Note and the Deed of Trust. The Court agrees that Whipple's Complaint does not contain these necessary allegations.

Furthermore, TILA exempts a "residential mortgage transaction" from the right to rescission provided in 15 U.S.C. 1635. 15 U.S.C. § 1635(e)(1). A residential mortgage transaction is one in which a deed of trust interest is created with respect to a consumer's residential dwelling to finance the acquisition of the dwelling. 15 U.S.C. § 1602(w) and (x). Consequently, to the extent Whipple's allegations establish that he obtained the subject loan for the acquisition of his Residence, the right of rescission under section 1635 is legally not available to him.

Whipple did not respond to Defendants' motions presenting any argument to the contrary. Therefore, Defendants' motions to dismiss that claims should be granted.

**IV.  Conclusion**

For the reasons discussed above, Whipple's allegations against Bank of America, Ginnie Mae Trust, MERS and Mann Mortgage fail to state a viable claim for relief under any of the legal theories advanced in his Complaint. Therefore, IT IS RECOMMENDED that Defendants' motions to dismiss be GRANTED, and Whipple's claims against Bank of America, Ginnie Mae Trust, MERS, and Mann Mortgage be DISMISSED.

DATED this 18th day of February, 2014.

Jeremiah C. Lynch
United States Magistrate Judge