FILED
APR 10 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| OLIVER M. WHIPPLE III and KELLY WARE, Plaintiffs, vs. MANN MORTGAGE, LLC; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE REMIC TRUST 2011-019; UNKNOWN SPONSOR; UNKNOWN DEPOSITOR; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, aka "MERS"; and DOES 1 THROUGH 100; Defendants. | CV 13-188-M-DWM ORDER |

This matter comes before the Court on Findings and Recommendations entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 25), regarding Motions to Dismiss filed by Defendants Bank of America, N.A., ("Bank of America"), Government National Mortgage Association, as Trustee for Securitized Trust Ginnie Mae Remic Trust 2011-019, ("Ginnie Mae"), and

Mortgage Electronic Systems, Inc., ("MERS"), (Doc. 8), and Defendant Mann Mortgage, LLC, ("Mann Mortgage"), (Doc. 12), (collectively, "Defendants"). Pursuant to Local Rule 72.2(a)(1), this matter was referred to Judge Lynch upon filing. Consent to his referral having been either withheld or met with objection, Judge Lynch was designated, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit to the undersigned his proposed findings of fact and recommendations for the disposition of the Motions now under consideration. (Doc. 24.) Judge Lynch filed his Findings and Recommendations on February 18, 2014. (Doc. 25 at 27.) "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Because the statutory objections period states that a party may file objections within a specified time after service of the findings and recommendations, and service of the Findings and Recommendations at issue was made by mail and electronic means, three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d). Accordingly, written objections to Judge Lynch's proposed Findings and Recommendations were due March 7, 2014.

Judge Lynch's proposed Findings and Recommendations are reviewed for clear error. No party filed written objections to the proposed Findings and

Recommendations. When no party objects, the Court reviews the proposed findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch's report contains no mistake of fact or law and it will be adopted in full. Whipple's responses to the pending Motions do not rejoin Defendants' arguments that each claim for relief set forth in his Complaint should be dismissed. The Motions are well-taken and will be granted, as Whipple's claims are without merit and subject to dismissal. Whipple's legal claims predicated on his theory that the securitization of his mortgage loan is invalid are unsound. His fraud claims lack the necessary detail required by Federal Rule of Civil Procedure 9(b). The allegations of the complaint do not state a cognizable claim for intentional infliction of emotional distress or slander of title. Allegations that the Defendants violated the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, and the Home Ownership Equity Preservation Act, 15 U.S.C. § 1639, are barred by the statute of limitations. Whipple has failed to state any viable claims for relief under any legal theory.

IT IS ORDERED:

(1) Judge Lynch's proposed Findings and Recommendations, (Doc. 25), are ADOPTED IN FULL.

(2) The Motion to Dismiss claims against Defendants Bank of America, Ginnie Mae, and MERS, (Doc. 8), is GRANTED. Whipple's claims against these Defendants are DISMISSED WITH PREJUDICE.

(3) The Motion to Dismiss claims against Mann Mortgage, (Doc. 12), is GRANTED. Whipple's claims against Mann Mortgage are DISMISSED WITH PREJUDICE.

(4) All claims having been dismissed with prejudice, the Clerk of Court shall enter judgment pursuant to Federal Rule of Civil Procedure 58 and close this case.

DATED this 10th day of April, 2014.

Donald W. Molloy, District Judge
United States District Court